**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| Boota Singh, | No. 21-1005 |
| Petitioner, | Agency No.   A216-395-124 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2023**
San Francisco, California

Before:  BOGGS,*** M. SMITH, and OWENS, Circuit Judges.

Boota Singh, a Sikh citizen of India and Congress Party member, petitions

for review of an order of the Board of Immigration Appeals (BIA) dismissing his

applications for asylum, withholding of removal, and relief under the Convention

Against Torture (CAT). Because the parties are familiar with the facts, we do not

---

\*        This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review the agency's factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under this standard, we must uphold the agency's findings unless the evidence "compels the conclusion that these findings and decisions are erroneous." *Ibid.* (quoting *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)).

1. Singh argues that the agency erred in upholding the immigration judge's (IJ) finding that Singh was not credible. We need not decide this issue, however, because even assuming that Singh provided credible testimony, substantial evidence supports the agency's dismissal of Singh's applications on the merits. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2. Substantial evidence supports the agency's dismissal of Singh's claims for asylum and withholding of removal because Singh can safely and reasonably relocate within India. To establish eligibility for asylum, an applicant must show that he was persecuted, or has a well-founded fear of persecution, "on account of" a statutorily protected ground. *Singh v. Garland*, 57 F.4th 643, 657 (9th Cir. 2022) (quoting *Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009)). An applicant who demonstrates past persecution establishes a presumption of future persecution, which is one way to obtain asylum or withholding of removal. *See*

2

*Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019); *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). However, "[t]his presumption may be rebutted where the IJ finds changed country conditions mitigate against the threat of persecution or the petitioner could reasonably be expected to relocate to a different part of his or her country." *Tamang*, 598 F.3d at 1091 (citing 8 C.F.R. §§ 208.16(b)(1)(i), 1208.16(b)(1)(i)). In determining whether a petitioner can "safely and reasonably relocate" within his country, the agency "must conduct a reasoned analysis with respect to a petitioner's individualized situation . . . in light of the persons or entities that caused the past persecution, and the nature and extent of the persecution." *Singh v. Whitaker*, 914 F.3d at 661.

Singh is twenty-eight years old, with no reported health problems or criminal record. His mother, wife, and children live in Uttar Pradesh, India. While country-conditions reports present some evidence of periodic clashes between political parties, they do not indicate that Singh would face future persecution as a Sikh or Congress Party member in Punjab. These reports also suggest that, at least at the time of the IJ hearing, Sikhs represented the dominant religion in Punjab and the Congress Party controlled the state legislature in Punjab.

Moreover, the agency reasonably found, based on the evidence, that the particular kind of work Singh engaged in was unlikely to result in harm to him. Though hard-core militants, or those who have drawn the interest of central Indian authorities, may be unable to feasibly relocate within India, political-party workers like Singh who do not draw governmental scrutiny appear able to do so.

3

The reports further indicate that no laws restrict Sikhs from moving to other parts of the country or place "checks on a newcomer to any part of India arriving from another part," and that Sikhs can practice their faith without restriction throughout India. And though Singh reiterated his fear of future persecution in India based on two attacks that he experienced as a Congress Party member in Uttar Pradesh, nothing in the record compels the conclusion that he has a well-founded fear of persecution in Punjab.

3. Substantial evidence also supports the agency's dismissal of Singh's claim for protection under CAT. To establish relief under CAT, Singh must establish that it is "more likely than not" that he will be tortured by or with the acquiescence of a public official if removed to India. *Singh v. Garland*, 57 F.4th at 658–59 (citing *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001)). In determining whether an applicant has established eligibility for protection under CAT, relevant considerations include: "evidence of past torture inflicted upon the applicant, evidence of safe internal relocation, evidence of mass violations of human rights within the country of removal, and other pertinent country conditions." *Singh v. Whitaker*, 914 F.3d at 663 (citing *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005)).

Even assuming Singh's credibility, it is unclear whether the two beatings that he suffered amount to torture. *See Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (affirming the denial of CAT relief where the petitioner was taken into custody and beaten on four occasions). And, as discussed above, substantial

4

evidence supports the conclusion that Singh can safely and reasonably relocate to Punjab. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020) (citing § 1208.16(c)(30(ii)) (explaining that relocation is relevant to the CAT inquiry). Moreover, while the country-conditions reports note that political clashes and instances of politically motivated violence occur in India, they do not indicate that Sikhs or Congress Party members, like Singh, are subject to torture in Punjab by or with the acquiescence of government officials.

**PETITION DENIED.**